IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEPTALI JARAMILLO and IRA NAVARRO, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>GARDA, INC., GARDA CL GREAT LAKES, INC., and DANIEL WEBB,<br><br>        Defendants. | Case No. 12 C 662<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Count II of Plaintiffs' Complaint. For the following reasons, the Court grants the Motion without prejudice.

### I. BACKGROUND

Plaintiffs bring their Complaint under the Illinois Minimum Wage Law ("IMWL," 820 Ill. Comp. Stat. 105/1, *et seq.*), the Illinois Wage Payment and Collection Act ("IWPCA," 820 Ill. Comp. Stat. 115/1 *et seq*.), and the federal Fair Labor Standards Act, ("FLSA," 29 U.S.C. §§201 *et seq*.). In it, they challenge the alleged failure of Defendants Garda, Inc., Garda CL Great Lakes, Inc. and Daniel Webb (collectively, "Defendants") to pay their armored transport employees (the "ATEs") at the appropriate overtime rate for hours worked in excess of 40 per week. The claims are brought as a

collective action under the FLSA and as class actions under the Illinois labor laws.

## II.  **LEGAL STANDARD**

On a Motion to Dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts in Plaintiffs' Complaint and draws all inferences in their favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not allege "detailed factual allegations," but must offer more than conclusions or "a formulaic recitation of the elements of the cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Naked assertion[s] devoid of further factual enhancement" will not suffice – a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

Among other things, the IWPCA requires employers to pay any wages earned by employees during a semi-monthly or bi-weekly pay period within 13 days of the end of that period. 820 Ill. Comp. Stat. 115/4. It also sets out time lines for the payment of final compensation to employees who separate from the company. 820 Ill. Comp. Stat. 115/5.

The IWPCA defines "wages" as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 Ill. Comp. Stat. 115/2. Illinois cases have made clear that an "agreement" is enforceable under the IWPCA even if it does not have the requisite formalities to become an enforceable contract. *See Skelton v. Am. Intercontinental Univ. Online,* 382 F.Supp.2d 1068, 1075 (N.D. Ill. 2005) (citing *Catania v. Local 4250/5050, Commc'ns Workers of Am.*, 834 N.E.2d 966, 971-72 (Ill. App. Ct. 2005); *Landers-Scelfo v. Corporate Office Sys., Inc.*, 827 N.E.2d 1051, 1059 (Ill. App. Ct. 2005). Instead, such an agreement requires only the manifestation of mutual assent. *Id.*

### III. DISCUSSION

Defendants have moved under Fed. R. Civ. P. 12(b)(6) to dismiss Count II of the Complaint, which alleges violations of the IWPCA. Defendants seek dismissal on the theory that Plaintiffs have not alleged an agreement to pay premium overtime wages; accordingly, Defendants argue, there is no agreement upon which to base an IWPCA claim for failure to pay such wages.

Plaintiffs allege that "Plaintiffs and Defendants entered into an agreement to pay Plaintiffs and class members as non-exempt employees for all the time they worked, including overtime, as required by the IWPCA." Compl. at ¶ 52. Defendants devote

considerable energy to arguing that the IWPCA does not itself mandate the payment of overtime, and that therefore Plaintiffs' allegation is incoherent.  However, that allegation could just as easily be read as an acknowledgment that the IWPCA requires an agreement between the parties, as it could a claim that the IWPCA substantively guarantees overtime pay.

This does not, however, address the question of whether Plaintiffs have adequately alleged an agreement to pay Plaintiffs and class members for overtime hours at the premium rate dictated by the FLSA and IMWL.  As Judge Amy J. St. Eve recently observed, the inference that an employment agreement existed between the parties is distinct from the inference that the agreement contained any particular term.  *Brown v. Lululemon Athletica, Inc.*, No. 10 C 05672, 2011 WL 741254, at *2-3 (N.D. Ill. Feb. 24, 2011).  After all, the IWPCA merely demands that employers pay whatever wages were agreed to.  However, even to the extent that Plaintiffs have alleged an express or implied employment and wage agreement, the Court concludes that they have not adequately pled that such agreement included the payment of overtime premium wages.

Paragraph 52 of the Complaint could arguably satisfy FED. R. CIV. P. 8, in that it alleges an agreement to pay employees for all time they worked, "including overtime," and overtime can be understood to refer to premium pay for excess hours worked.  *See Merriam-Webster's Collegiate Dictionary* 831 (10th ed. 1993)

(defining "overtime" to include "the wage paid for overtime [work]."). However, Plaintiffs' briefing makes it absolutely clear that this allegation is based entirely on the presumption that any express or implied employment agreement necessarily included an implied agreement that all wage payments would comply with the FLSA and the IMWL. Unless that claim is supportable, then, Count II fails.

It is not unreasonable to think that Illinois would choose to read such an implied covenant of lawfulness into all employment agreements, especially because some courts have found that the FLSA, IMWL and IWPCA reflect such important public policy as to create non-waivable rights. *See Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *3-4 (N.D. Ill. Nov. 09, 2001). However, there is no indication that Illinois has done so, or that the Illinois legislature or courts have considered the IWPCA an appropriate mechanism for enforcing the overtime wage laws.

Plaintiffs have identified no cases under Illinois law recognizing such an implied term, nor has this Court uncovered any. *Cf. Skelton*, 382 F.Supp.2d at 1075 n.2 ("It is difficult to see what the IWPCA would add to plaintiffs' claims . . . as the purported promise cited as the basis for an IWPCA-enforceable "agreement" simply tracked whatever obligations [the employer] had under state and federal law to pay overtime."); *Palmer v. Great*

*Dane Trailers*, No. 05 C 1410, 2005 WL 1528255, at *4 (N.D. Ill. June 28, 2005) (where Plaintiff had suggested no agreement that itself required the employer to pay overtime, the correct vehicle for the overtime claim was the FLSA or IMWL).

Indeed, it appears that the Illinois Department of Labor (the "Department"), which has enforcement and regulatory authority under the IWPCA, has taken the position that claims for overtime are not covered by the statute. The interpretive regulations under the IWPCA appear not to mention overtime claims at all. *See* Ill. Adm. Code tit. 56, §300 *et seq.* (2011). Furthermore, in its IWPCA fact sheet, the Department does not list employees with overtime claims as covered thereunder. *See* Illinois Dept. of Labor, Wage Payment and Collection Act Fact Sheet, at 1, *available at http://www.state.il.us/ AGENCY/IDOL/forms/pdfs/Wage_Theft_FactSheet.pdf*. Most persuasively, on its IWPCA Wage Claim Application form, the Department explicitly says:

> If you are claiming overtime (over 40 hours worked within one (1) work week), do not include your overtime claim on this *Wage Claim Application* (doing so will spoil the application and force us to return it to you). For overtime claims, you must submit *a Minimum Wage and Overtime Application.*

Illinois Dept. of Labor, Instructions for Filing a Wage Claim Application, at ¶5 (Aug. 16, 2007), *available at http://www.state.il.us/agency/ idol/forms/pdfs/IL452WC01.PDF*. That Overtime Application is found among the materials for the IMWL, not the IWPCA. In light of this

interpretation by the relevant Illinois agency, Plaintiffs' citation to cases applying Nebraska law is unavailing. Where the Illinois agency with interpretive authority over the statute has concluded that it does not cover overtime claims, and Plaintiffs have identified no supporting authority for its argument that the alleged agreement necessarily contained an implied covenant of compliance with the FLSA and IMWL, this Court will not create such a duplicative enforcement policy under Illinois law.

Accordingly, the Court will dismiss Count II. However, because the Complaint offers very few details regarding the terms of the alleged agreement, the Court cannot conclude that Plaintiffs will be absolutely unable to remedy the defects identified here through an amended complaint. Accordingly, the Court dismisses Count II without prejudice.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Defendants' Motion to Dismiss Count II of Plaintiffs' Complaint without prejudice.

**IT IS SO ORDERED.**

                                         Harry D. Leinenweber, Judge
                                         United States District Court

**DATE:** 4/20/2012